**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

EDWARD WALKER,

    Petitioner,

    v.

WARDEN,

    Respondent.

Civil Action No.:  CCB-20-2900

**MEMORANDUM**

On October 5, 2020, this court received the above-entitled petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 which was accompanied by a motion to vacate an illegal sentence.  In both pleadings, petitioner asserts that the sentence imposed by the Howard County District Court is illegal because the plea bargain petitioner entered into with the State was breached.  ECF Nos. 1 and 2.  Specifically, petitioner states he was ordered to pay restitution through Parole and Probation, but when he went to the Howard County Court cashier on September 14, 2018 to make the restitution payment, he was turned away.  Parole and Probation would not accept payment because the court had not yet sentenced petitioner and payment could not be applied to the case.  ECF No. 1 at 1.  Petitioner seeks vacatur of the seven-year consecutive sentence imposed on July 16, 2019, arguing it is an illegal sentence.  *Id.*

To the extent that the petition can be construed as one seeking mandamus relief, *i.e.*, a directive to the state court to vacate petitioner's sentence, petitioner seeks relief that is unavailable in this court.  This court has no jurisdiction to issue a writ of mandamus commanding a State court to either entertain or grant a motion.  *See Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969); 28 U.S.C. § 1361.

To the extent that the petition is seeking habeas relief pursuant to 28 U.S.C. § 2254, petitioner has not stated a claim.  Absent an allegation of a violation of a constitutional right or federal law, the court may not entertain an application for a writ of habeas corpus.  *See Wilson v. Corcoran*, 562 U.S. 1, 1 (2011) ("Federal courts may not issue writs of habeas corpus to prisoners whose confinement does not violate federal law."); *Spencer v. Murray*, 18 F.3d 237, 239–40 (4th Cir. 1995) (holding where petitioner alleged error in admissibility of evidence, without reference to any constitutional or federal right infringed, petitioner failed to state a claim).  The only grounds for vacatur petitioner raises, breach of a plea agreement and the nature of the sentence imposed, are issues of state law that do not give rise to a federal question.  *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  A violation of state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice."  *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)), *cert. denied*, 440 U.S. 937 (1979).  The court does not find petitioner has alleged facts which rise to such a fundamental defect.

For these reasons, the petition must be dismissed without prejudice.  A separate order follows.

| | |
|---|---|
| <u>    10/27/20    </u> | <u>                    /S/                    </u> |
| Date | Catherine C. Blake |
| | United States District Judge |